Perry County Common Pleas Court
Filed 9/23/2025 5:04:20 PM

**IN THE COURT OF COMMON PLEAS**
**PERRY COUNTY, OHIO**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **JOSHUA BAILEY, ON BEHALF OF OTHER SIMILARLY SITUATED PEOPLE**<br>**2575 Township Road 40**<br>**Somerset, Ohio 43783,**<br><br>**and**<br><br>**JOSHUA BAILEY**<br>**2575 Township Road 40**<br>**Somerset, Ohio 45783,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**NATIONAL INDEMNITY COMPANY**<br>**1314 Douglas Street, Suite 1400**<br>**Omaha, Nebraska 68102,**<br><br>**Defendants.** | : | **Case No.**<br><br>**Judge** |

**CLASS ACTION COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

**THE PARTIES**

1. Plaintiff Joshua Bailey is an individual who resides at 2575 Township Road 40, Somerset, Ohio.

2. Defendant National Indemnity Company is a property/casualty member of the Berkshire Hathaway group of insurance companies with its principal place of business situated at 1314 Douglas Street, Suite 1400, Omaha, Nebraska.

3. Elite Intermodal & Trailer, LLC is an Ohio limited liability company that provides transportation solutions and truck repair.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and this dispute, including for declaratory relief, pursuant to O.R.C. 2307.382, *et seq.*, O.R.C. 2721.02, *et seq.*, and Civ.R. 57.

5. An actual controversy between Plaintiff Joshua Bailey and Defendant National Indemnity Company exists within the meaning of O.R.C. 2721.02, *et seq.* regarding the parties rights, status and other legal relations under an insurance contract that contains medical payments coverage.

6. Venue is proper in Perry County, Ohio under the Civ.R. 3(C)(3), 3(C)(5), 3(C)(6), 3(F) and O.R.C. 2721.14 because Defendant National Indemnity Company conducted activity giving rise to the claims for relief of Plaintiff Joshua Bailey in Perry County, because all or part of the claims for relief of Plaintiff Joshua Bailey arose in Perry County, and because the declaratory relief requested herein is uniform with the laws of those states that enacted similar provisions, and wherein some class members reside.

## THE ACCIDENT AND TREATMENT

7. Plaintiff Joshua Bailey was the operator of a truck involved in a crash on September 23, 2024.

8. The crash occurred on County Road 55 in Madison Township at approximately 7:00 p.m.

9. While traveling in a southbound direction along County Road 55, Plaintiff Joshua Bailey lost control of the truck he was operating.

10. The truck went off the right side of the roadway, struck a ditch, struck a mailbox, overturned and struck another motorist.

11. The truck suffered disabling damage.

12. Plaintiff Joshua Bailey reported to investigating officers that he was injured.

13. Plaintiff Joshua Bailey left the crash scene in an ambulance and was transported to the hospital where he received treatment for his crash-related injuries.

14. Plaintiff Joshua Bailey incurred medial expenses because of the crash-related treatment he received.

## THE INSURANCE POLICY

15. Plaintiff Joshua Bailey was operating the truck as an independent contractor of Elite Intermodal & Trailer, LLC.

16. Defendant National Indemnity Company provided Business Auto Policy 70APB008685 to Elite Intermodal & Trailer, LLC over a period of May 12, 2024 through May 12, 2025.

17. The policy provides for Auto Medical Payments Coverage.

18. Plaintiff Joshua Bailey presented a claim for medical payments coverage.

19. The policy provides coverage subject to certain provisions, exclusions, limitations and conditions.

20. The endorsement for Auto Medical Payments Coverage M4487_0494 states:

**AUTO MEDICAL PAYMENTS COVERAGE**

***

**A. COVERAGE**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident." We will pay only those expenses incurred, for services rendered within three years from the date of the "accident."

**B. WHO IS AN INSURED**

1. You while "occupying" or while a pedestrian, when struck by any "auto."
2. If you are an individual, any "family member" while "occupying" or while a pedestrian, when struck by any "auto."
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. EXCLUSIONS**

This insurance does not apply to any of the following:

***

4. "Bodily injury" to your employee arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic employees if not entitled to workers' compensation benefits.

21. Plaintiff Joshua Bailey, in connection with his work for Elite Intermodal & Trailer, LLC, was a 1099 employee.

22. Plaintiff Joshua Bailey, in connection with his work for Elite Intermodal & Trailer, LLC, was an independent contractor.

23. Plaintiff Joshua Bailey, in connection with his work for Elite Intermodal & Trailer, LLC, did not receive a W-2 form for tax purposes.

24. Plaintiff Joshua Bailey, in connection with his work for Elite Intermodal & Trailer, LLC, was responsible for paying his own taxes and did not receive benefits such as retirement or health care contributions.

25. Plaintiff Joshua Bailey told Defendant National Indemnity Company that he was not entitled to workers' compensation benefits.

26. Amanda Danker, on behalf of Defendant National Indemnity Company, issued a letter dated January 31, 2025 wherein she advised that "the Auto Medical Payments coverage does not apply to the driver, Joshua Bailey and no payment will be made under this coverage for his medical expenses."

27. After receiving the January 31, 2025 letter sent by Amanda Danker on behalf of Defendant National Indemnity Company, Plaintiff Joshua Bailey called and spoke with Amanda Danker to further inquire into the basis for the decision to deny coverage.

28. Amanda Danker callously told Plaintiff Joshua Bailey in early February 2025 that she is a "supervisor" and that a "team" at Defendant National Indemnity Company came to the decision to deny coverage and that the decision is not open for further discussion.

29. Upon learning that the erroneous coverage decision of Defendant National Indemnity Company was not going to be revisited by the insurer, Plaintiff Joshua Bailey consulted the undersigned counsel.

30. Following that consultation, correspondence was sent to Defendant National Indemnity Company dated February 19, 2025.

31. Defendant National Indemnity Company was provided in the February 19, 2025 correspondence with an explanation as to why its choice to deny coverage was in error.

32. Defendant National Indemnity Company was kindly asked to "re-evaluate your denial and agree to pay the medical payments benefits."

33. Defendant National Indemnity Company was also told that a failure to rectify the clear misinterpretation of the policy language would result in "suit against your company to recover the medical payments and allege bad faith."

34. Medical bills totaling $21,242.39 were sent to Amanda Danker of Defendant National Indemnity Company on May 30, 2025.

35. Amanda Danker of Defendant National Indemnity Company sent correspondence on June 19, 2025 requesting that Plaintiff Joshua Bailey present documentation of a denial of a workers' compensation claim.

36. Plaintiff Joshua Bailey had not made a workers' compensation claim because he was a 1099 employee.

37. The policy does not reflect that a 1099 employee such as Plaintiff Joshua Bailey must make a futile claim for workers' compensation before medical payments benefits will be extended.

38. Instead of rectifying its erroneous coverage decision, Defendant National Indemnity Company doubled down and persisted in its denial of medical payments benefits to Plaintiff Joshua Bailey.

39. Creditors have been hounding Plaintiff Joshua Bailey to pay the medical bills that should have been but were not paid under the medical payments coverage with Defendant National Indemnity Company.

40. The actions of Defendant National Indemnity Company have had a devastating financial impact on Plaintiff Joshua Bailey.

41. In addition to devastating financial damage, Plaintiff Joshua Bailey suffers with the indignity of knowing he is indebted to others.

42. Like many insurance companies, Defendant National Indemnity Company is excellent at collecting insurance premium payments and loathe to pay legitimate claims such as the one brought by Plaintiff Joshua Bailey.

## CLASS ACTION ALLEGATIONS

43. Plaintiff Joshua Bailey hereby restates the allegations and averments contained in the preceding paragraphs of this class action complaint, as if fully rewritten herein.

44. ***Class Definition***: In accordance with Civ.R. 23, Plaintiff Joshua Bailey brings this action individually and on behalf of similarly situated persons. In this action, Plaintiff Joshua Bailey seeks certification of (1) a statewide Declaratory Relief Class pursuant to Civ.R. 23(b)(2), (2) a statewide Restitution/Monetary Relief Class pursuant to Civ.R. 23(b)(3), and (3) a statewide Insurance Bad Faith Class pursuant to Civ.R. 23(b)(3) and 23(c)(5). These classes are defined as follows:

a. ***Declaratory Relief Class:*** All persons throughout Ohio who worked as 1099 employees and made a claim with Defendant National Indemnity Company for medical payments benefits and had the claim denied on the basis that they did not qualify as a domestic employee not entitled to workers' compensation benefits.

b. ***Restitution/Monetary Relief Class***: All persons throughout Ohio who worked as 1099 employees and made a claim with Defendant National Indemnity Company for medical payments benefits and had the claim denied on the basis that they did not qualify as a domestic employee not entitled to workers' compensation benefits.

45. Excluded from the Classes are Defendant National Indemnity Company's employees, officers, directors, legal representatives, successors, and assigns; any entity in which National Indemnity Company has a controlling interest; any Judge to whom the litigation is assigned; all members of the Judge's family; and all persons who timely and validly request exclusion from the Class. Plaintiff Joshua Bailey reserves the right to modify the Class Definition throughout the course of this litigation to conform with the evidence and facts as they develop.

46. This action has been brought as a class action, and may properly be maintained, pursuant to Ohio Civ. R. Proc. 23(b)(1), (2) and (3) of the Ohio Rules of Civil Procedure and case law thereunder and, alternatively, pursuant to Ohio Civ. R. Proc. 23(c)(4).

47. ***Numerosity:*** Plaintiff Joshua Bailey does not know the exact number of the Members of the Classes because such information is in the exclusive control of Defendant National Indemnity Company. Due to the nature of the trade and commerce involved, Plaintiff Joshua Bailey believes that Class Members number at least in the thousands and possibly tens of thousands and are sufficiently numerous and geographically dispersed throughout Ohio so that joinder of all Class Members is impracticable.

48. ***Typicality:*** Plaintiff Joshua Bailey's claims are typical of the Class Members' claims. Like other Class Members, Plaintiff Joshua Bailey is a 1099 employee who made a claim for medical payments benefits under an insurance contract between his employer and Defendant National General Insurance and had the claim denied despite not being entitled to workers' compensation benefits.

49. ***Adequacy***: Plaintiff Joshua Bailey will fairly and adequately protect the interests of the Class Members. Plaintiff Joshua Bailey's interests are aligned with the Class Members that Plaintiff Joshua Bailey seeks to represent, and Plaintiff Joshua Bailey has retained counsel experienced in complex class action litigation and insurance law. Plaintiff Joshua Bailey does not have any conflicts of interest with any Class Members that would impair or impede his ability to represent such Class Members fully and adequately.

50. ***Commonality***: Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members, including but not limited to:

a. Whether Defendant National Indemnity Company has systematically and systemically denied claims for medical payments coverage brought by 1099 employees who were domestic employees not entitled to workers' compensation benefits;

b. Whether Defendant National Indemnity Company breached the implied duty of good faith and fair dealing, thus damaging Plaintiff Joshua Bailey and Class Members;

c. Whether Defendant National Indemnity Company committed bad faith, thus damaging Plaintiff Joshua Bailey and Class Members;

d. Whether Defendant National Indemnity Company was unjustly enriched, thus damaging Plaintiff Joshua Bailey and Class Members;

e. Whether, and to what extent, the conduct of Defendant National Indemnity Company caused injury to Plaintiff Joshua Bailey and Members of the Class, and, if so, the appropriate measure of damages;

f. Whether Plaintiff Joshua Bailey and Class Members are entitled to injunctive and/or equitable relief as a result of Defendant National Indemnity Company's wrongful conduct; and

g. The proper form of equitable and injunctive relief.

51. ***Risk of Inconsistent or Varying Adjudications***: Certification pursuant to Ohio Civ. R. Proc. 23(b)(2), (b)(3) and/or (c)(4) is proper for the Classes defined above because the maintenance of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to interpretations of uniform policy terms and obligations that would establish incompatible standards of conduct for GEICO as the party opposing the class. Furthermore, certification under Ohio Civ. R. Proc. 23(b)(2), (b)(3) and/or (c)(4) is proper because adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of other Class Members not a party to the adjudication or would substantially impair or impede their abilities to protect their interests. In addition, Defendant National Indemnity Company, as the party opposing the Classes, has acted, or refused to act on grounds generally applicable to the Classes, thereby making relief appropriate with respect to the Class as a whole.

52. ***Superiority and Predominance for the Restitution/Monetary Relief Class***: While Plaintiff Joshua Bailey specifically states that certification pursuant to Ohio Civ. R. Proc. 23(b)(2) is proper by itself for this entire action because monetary damages in the form

of restitution is merely incidental to the declaratory and injunctive relief sought, Plaintiff Joshua Bailey alternatively alleges that certification of the Restitution/Monetary Relief Class defined above is likewise proper under Ohio R. Civ. Proc. 23(b)(3). Specifically, common issues of fact and law as set forth above predominate over any individual issues that may exist. Furthermore, a Class Action is superior to other available methods for a fair and efficient adjudication of this controversy because joinder of all members of the class is impractical, and adjudication of this action as a Class is properly manageable. The interests of judicial economy favor adjudication of the claims alleged herein on a Class basis rather than an individual basis, especially where, as here, the amount of damages for each claim are small compared to the burden and expense that would be incurred if each claim was litigated individually.

53. Further, and in the alternative, Ohio R. Civ. Proc. 23(c)(4) permits an action to be maintained as a class action with respect to only particular issues, and common questions of law and fact set forth above raise issues which are appropriate for class treatment pursuant to Ohio R. Civ. Proc. 23(c)(4).

## DECLARATORY JUDGMENT

54. Plaintiff Joshua Bailey hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein.

55. There is a genuine dispute and actual controversy, over which this Court has jurisdiction, between Plaintiff Joshua Bailey, the Class Members, and Defendant National Indemnity Company concerning their respective rights, duties and obligations for which Plaintiff Joshua Bailey and the Class Members desire a declaration of rights and obligations. Pursuant to Ohio's Declaratory Judgment statute and all other uniform state declaratory judgment statutes and laws in which Plaintiff Joshua Bailey and Class Members reside, this Court may declare the rights, obligations and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

56. Since there is a dispute about whether or not Defendant National Indemnity Company's insurance policy is being lawful applied when analyzing medical payments coverage claims of 1099 employees who do not qualify for workers' compensation benefits, Plaintiff Joshua Bailey and the Class Members are entitled to declaratory relief from this Court pursuant to Ohio Civil Rule 57 and R.C. § 2721.01 to 2721.15, and the uniform state declaratory statutes and laws in which the Class Members reside.

57. Plaintiff Joshua Bailey and the Class Members are entitled to a declaration including, but not limited to, that:

a. Defendant National Indemnity Company's practice of denying medical payments coverage to 1099 employees who do not qualify for workers' compensation benefits is contrary to law;

b. Defendant National Indemnity Company must disgorge any premium payments received for any policy under which a claim for medical payments coverage was made by a 1099 employee and denied on the basis that the 1099 employee had not shown a lack of entitlement to workers' compensation benefits;

c. Defendant National Indemnity Company must reopen and reconsider its denial of all claims made by a 1099 employee for medical payments coverage that were denied on the basis that the 1099 employee had not shown a lack of entitlement to workers' compensation benefits; and

d. Any other issue that may arise during the course of litigation that is a proper issue on which to grant declaratory relief.

58. Plaintiff Joshua Bailey prays for any further relief this Court deems proper, including attorney's fees, interest and costs as allowed by law or in the exercise of the Court's equitable jurisdiction.

## BAD FAITH

59. Plaintiff Joshua Bailey hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein.

60. Plaintiff Joshua Bailey and the Class Members are third party beneficiaries to a valid and enforceable insurance contract between Defendant National Indemnity Company and their respective employers.

61. Plaintiff Joshua Bailey and the Class Members, through their respective employers, gave valuable consideration in the form of premium payments in exchange for the promise of appropriate and useable insurance coverage.

62. Plaintiff Joshua Bailey and the Class Members, along with their respective employers, complied with all of their obligations under the insurance contracts.

63. Defendant National Indemnity Company acted with a dishonest purpose.

64. Defendant National Indemnity Company acted with moral obliquity.

65. Defendant National Indemnity Company acted with conscious wrongdoing.

66. Defendant National Indemnity Company breached a known duty through an ulterior motive to maximize revenue over duties owed to an insured partaking in the nature of fraud.

67. Defendant National Indemnity Company possessed an actual intention to mislead or deceive others.

68. Defendant National Indemnity Company violated its implied duty to act in good faith and fair dealing with Plaintiff Joshua Bailey and the Class Members.

69. Plaintiff Joshua Bailey and the Class Members have been injured and suffered financial harm as a result of the actions of Defendant National Indemnity Company.

70. As a direct and proximate result of the actions of Defendant National Indemnity Company, Plaintiff Joshua Bailey and the Class Members have incurred substantial and ongoing monetary damages in excess of $25,000.

## UNJUST ENRICHMENT

71. Plaintiff Joshua Bailey hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein.

72. Plaintiff Joshua Bailey and the Class Members conferred a benefit upon Defendant National Indemnity Company.

73. Defendant National Indemnity Company had knowledge of the benefit.

74. Defendant National Indemnity Company retained the benefit under circumstances where it would be unjust to do so.

75. Plaintiff Joshua Bailey and the Class Members have been injured and suffered financial harm as a result of the actions of Defendant National Indemnity Company.

76. As a direct and proximate result of the actions of Defendant National Indemnity Company, Plaintiff Joshua Bailey and the Class Members have incurred substantial and ongoing monetary damages in excess of $25,000.

**WHEREFORE,** Plaintiff Joshua Bailey respectfully requests of this Court the following relief, on behalf of himself and all others similarly situated:

a. An Order certifying the proposed Declaratory Relief Class herein pursuant to Ohio Civ. R. Proc. 23(b)(2), and appointing Plaintiff Joshua Bailey and his counsel of record to represent the Declaratory Relief Class;

b. That the Court certify the Declaratory Relief Class as a class action pursuant to Ohio Civ. R. Proc. 23(b)(2) as defined above, and, at such time thereafter as the Court deems proper, then certify the Restitution/Monetary Relief Class as a class action pursuant to Ohio Civ. R. Proc. 23(b)(3) and/or 23(c)(4) as defined above; award the Class Members

monetary recovery in excess of $25,000; and appoint Plaintiff Joshua Bailey and his counsel of record to represent the 23(b)(3) and 23(c)(4) classes;

c. In the alternative, an Order certifying the proposed classes pursuant to Ohio Civ. R. Proc. 23(c)(4); award the Class Members monetary recovery in excess of $25,000; and appoint Plaintiff Joshua Bailey and his counsel of record to represent the 23(c)(4) class;

d. Pre-judgment and post-judgment interest;

e. Punitive damages, costs and attorney's fees where applicable;

f. Plaintiff Joshua Bailey's costs of suit, including, without limitation, his attorney's fees, expert fees and costs; and

g. Such other relief, at law or in equity, as this Court deems just and proper.

Respectfully submitted,

/s/ Jack J. Lah
Jack J. Lah, Esq. (0078474)
The Attkisson Law Firm LLC
3033 Kettering Blvd, Suite 213
Dayton, Ohio 45439
Telephone: (937) 276-9700
E-mail: jack@attkissonlawfirm.com

**JURY DEMAND**

Plaintiffs Joshua Bailey hereby demand a trial by jury of the maximum number allowed by law.

/s/ Jack J. Lah
Jack J. Lah, Esq. (0078474)